UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHRISTOPHER A. JONES,

    Plaintiff,

v.

MATTHEW L. JENSEN, ET AL.,

    Defendants.

03:04-CV-00426-LRH (VPC)

ORDER

Presently before the court is the Report and Recommendation of U.S. Magistrate Judge Valerie P. Cooke (# 60[1]), recommending that plaintiff Christopher Jones's ("Jones") motion for a temporary restraining order, or in the alternative, for a preliminary injunction (#s 28, 29) be denied. Jones has filed an objection (# 75) and Defendants responded (# 79). Jones has also filed a motion to reply to Defendants' response (# 80).

The court has conducted a *de novo* review and has fully considered the objections of the Plaintiff, the pleadings and memoranda of the parties, and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2.[2] As a result of this review, the court has

---

[1] Refers to the court's docket number.

[2] In his objections, Jones has accused the Magistrate Judge of ignoring evidence in order to deny him relief from the court. The court would like to assure Jones that it has fully considered all documentation and arguments that have been submitted in this case even if the court's order does not make reference to a specific attachment.

determined that Judge Cooke's Report and Recommendation (Docket No. 60) should be accepted and adopted.

### I. Factual and Procedural Background

Jones is a prisoner at Ely State Prison ("ESP"). Jones brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment right against cruel and unusual punishment. On July 27, 2005, Jones filed a motion for a temporary restraining order and a preliminary injunction (#s 28, 29). In that motion, Jones is seeking to restore medical restrictions that were allegedly deleted from his file. Jones argues that, without these restrictions, he will be forced to engage in physical activities that will cause pain and the possibility of further injury.

According to Jones, Defendants deleted certain medical restrictions in order to avoid liability after he filed a lawsuit alleging a violation of those restrictions. Specifically, Jones argues that Defendants deleted medical restrictions that provided for "no athletic participation, no culinary work, and no jobs involving walking, lifting, pushing or pulling." *See* (Resp. to Pl.'s Objections, March 10, 1999, Reclassification and Physical Documentation Form, Ex. A.)

In her Report and Recommendation, Judge Cooke concluded that Jones has not made the required showing that Defendants were deliberately indifferent to his medical needs. Judge Cooke further determined that Jones has failed to demonstrate a likelihood of success on the merits and has failed to raise serious questions going to the merits of his claim. Therefore, Judge Cooke recommended that this court deny Jones's motion.

### II. Legal Standard

The Magistrate Judge accurately set forth the standard for issuing a preliminary injunction or a temporary restraining order as follows: "To warrant . . . relief in the Ninth Circuit, the petitioner must demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in his or her favor." (Report and Recommendation of U.S. Magistrate Judge

(# 60) at 3) (citing *Southwest Voter Registration Educ. Project v. Sheley*, 344 F.3d 914, 917 (9th Cir. 2003). A non-ex parte motion for a temporary restraining order and preliminary injunction should be treated as a motion for a preliminary injunction. *Id*. (citing 11A Charles A. Wright, et al, Federal Practice and Procedure: Civ.2d § 2951).

**III. Discussion**

Jones objects to the Report and Recommendation arguing that the Magistrate Judge did not consider the issue of the alleged removal of his medical restrictions. In response, Defendants first argue that Jones forfeited his right to challenge the Report and Recommendation by not filing timely objections. With respect to the merits of Jones's claim, Defendants argue the documents Jones relies upon actually show that no medical classifications were deleted or removed.

**A. The Timeliness of Jones's Objections**

If a party wishes to file objections to a Magistrate Judge's Report and Recommendation, he must do so within ten days of the day of service of the findings and recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b); LR IB 3-2(a). In this case, the Report and Recommendation was served on November 3, 2005. Jones, however, did not file objections until November 21, 2005. Therefore, Defendants argue that Jones has forfeited his right to de novo review. Jones responds by arguing his objections were timely under the Federal Rules of Civil Procedure.[3]

Jones is correct that his objections were timely filed. Rule 6 of the Federal Rules of Civil Procedure provides, "[i]n computing any period of time prescribed or allowed by these rules . . . [w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). In addition, Rule 6(e) adds 3 days to the prescribed period. Therefore, Jones had until November 23,

---

[3] Jones has filed a motion to reply to Defendants response to his objections (# 80) in which he argues that his objections were timely filed. Good cause appearing, the court will grant this motion and fully consider his points and authorities.

3

2005, to file his objections.

### B. Jones's Medical Classification

Jones argues that certain medical classifications were deleted without any medical justification. As a result, Jones argues that he is susceptible to being forced to move heavy property pursuant to ESP policy. To support his claim, Jones has provided Reclassification and Physical Documentation Forms that indicate certain medical restrictions.

The Reclassification and Physical Documentation Form dated March 10, 1999, shows that restrictions were placed in categories 5, 9 and 10 of the form. These categories are defined as follows: "5. Work/program assignments are limited due to functional limitations. 9. Not fit for NDF fire suppression crew. 10. Lower bunk only." (Resp. to Pl.'s Objections, August 7, 2002, Reclassification and Physical Documentation Form, Ex. A.) In addition to the Restriction Categories, the document contains a "Narrative" that contains a handwritten note providing as follows: "No athletic participation, no culinary work, no jobs involving walking, lifting, pushing or pulling." The exact same Restriction Categories and Narrative appear in the Reclassification and Physical Documentation Form dated August 29, 2000.

However, the form dated August 7, 2002, does not contain the handwritten Narrative. In addition to the August 7, 2002, form, Jones has provided a form dated December 31, 2002. The December 31, 2002, form contains a Narrative that provides, "No athletics[,] No work clearance." The August 7, 2002, form and the December 31, 2002, form both contain restrictions in categories 5, 9, and 10, along with other restriction categories not contained in the March 10, 1999, form. As mentioned previously, category 5 expressly limits work and program assignments based on "functional limitations." It appears that the Narrative contained in the Reclassification form is used to explain the restrictions listed in the restriction categories. However, by not including the Narrative contained in the March 10, 1999, form in subsequent forms, it is not clear that those specific restrictions were actually deleted or removed at that time.

1    In fact, it appears that ESP has acknowledged Jones's medical restrictions. Jones has submitted an Inmate Grievance Form in which he grieves an incident where prison staff forced him to move his property to another cell during a move. (Reply to Opp'n to Pl.'s Mot., Inmate Grievance Form, Ex. 10A.) The Level 2 response to this grievance, signed by ESP warden E.K. McDaniel on August 14, 2002, provides as follows: "An additional review of your records show that you have limiting medical restrictions. Staff has been advised of this to prevent future incidents. Grievance resolved." *Id*. at Ex. 10c.

In addition to the foregoing, however, Jones has included a Reclassification Form dated January 26, 2004. (Objections to Magistrate Judge's Report and Recommendations, January 26, 2004, Reclassification and Physical Documentation Form, Attach. 41.) The January 26, 2004, form does not contain restriction category 5 or a Narrative. It therefore appears that Jones's medical restrictions were, in fact, changed by January 26, 2004.

However, the changes made by January 26, 2004, form were made by a physician, as indicated by the signature at the bottom of the form. *See id.* Although it is not clear on the record before the court why the medical restrictions were changed, the court is not in a position to alter medical restrictions that were put into place by trained medical personnel. It is clear that Jones has suffered from various injuries. However, Jones has not provided evidence indicating that the restrictions he seeks are medically necessary at this time. To the extent Jones disagrees with his current medical restrictions, he should discuss those restrictions with his physician. Jones has provided no evidence indicating that he has sought treatment from a physician concerning his current medical restrictions.

Therefore, this court agrees with the Magistrate Judges determination that Jones has not made the required showing that Defendants were deliberately indifferent to his medical needs. In response to a grievance concerning medical restrictions, ESP determined that, "[a]ny medical restrictions will be determined by the Medical Staff where you are housed." (Compl., Grievance

Printout Case: GR-2004-24-7147, Ex. 73c.)  Jones has not presented evidence showing that Defendants have interfered with his medical treatment.  Rather, the evidence indicates Jones's medical restrictions are determined by medical personnel.  Therefore, Jones has failed to show a likelihood of success on the merits and he has failed to raise serious questions going to the merits of the case.[4]  For the reasons stated in this order and in the Report and Recommendation of Judge Cooke, the court finds that a preliminary injunction is not warranted.

For the foregoing reasons, and good cause appearing, the court hereby ADOPTS and ACCEPTS the Report and Recommendation of the United States Magistrate Judge (# 60).  Jones's motion for a temporary restraining order, or in the alternative, for a preliminary injunction (#s 28, 29) is hereby DENIED.

IT IS FURTHER ORDERED that Jones's Motion to reply to Defendant's response to his objections (# 80) is hereby GRANTED.

IT IS SO ORDERED.

DATED this 6th day of March, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[4] Jones's objections to the Magistrate Judge's Report and Recommendation do not deal with the issue of his alleged pain.  Therefore, the court will not address that issue at this time.

6